IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHARIEM HOUSTON, | : | Civil No. 3:22-cv-1779 |
| Plaintiff | : | |
| | : | (Judge Mariani) |
| v. | : | |
| ATARI FELTON, MICHAEL OTT, | : | |
| CLAUDE MEASE, TINA LITZ, | : | |
| Defendants | : | |

FILED
SCRANTON
MAY 16 2023
PER _____
DEPUTY CLERK

## MEMORANDUM

Plaintiff Shariem Houston ("Houston"), an inmate who was confined, at all relevant times, at the Lebanon County Correctional Facility, in Lebanon, Pennsylvania,[1] initiated this action pursuant to 42 U.S.C. § 1983. (Doc. 1). Houston subsequently filed an amendment to the complaint. (Doc. 9). Named as Defendants are Correctional Officer Atari Felton, Deputy Warden Michael Ott, Warden Tina M. Litz, and Security Captain Claude A. Mease. Presently pending before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 19). For the reasons set forth below, the Court will grant Defendants' motion.

---

[1] Houston has been released from custody. (See Docs. 17, 18).

I. **Allegations of the Complaint**

On October 29, 2022, Houston alleges that he unintentionally defecated on himself during recreation time. (Doc. 1, p. 4). Houston states that he notified Defendant Felton and requested an emergency shower. (*Id.*). Houston proceeded to the shower area, but Defendant Felton directed him to "wash up in [his] cell." (*Id.*). Houston asserts that he then returned to his cell and placed a sheet over his closed cell door to create a privacy barrier. (*Id.*). Houston alleges that Defendant Felton opened his cell door while he was washing, which caused the privacy sheet to fall, exposing his naked body to fellow inmates. (*Id.*). Houston asserts that he was "extremely embar[r]assed, shocked and exposed, [and his] nudity garnered laughter and ridicule of inmates around [his] cell." (*Id.* at p. 5). Once Houston was dressed, he approached Defendant Felton and requested a grievance form and to speak with a supervisor. (*Id.*). Defendant Felton called a supervisor, reported the incident, and allegedly informed Houston that he can file a grievance, but that Felton would "write [him] up and send [him] to the S.H.U. (secured housing unit, the hole)." (*Id.* at pp. 5-6). Houston claims that he never received a grievance form and never spoke to a supervisor about the incident. (*Id.* at p. 6).

Houston asserts that Defendants Ott, Litz, and Mease are responsible for the violations because they enforce a policy "to [their] subordinates" that prohibits the use of privacy sheets. (*Id.*). He seeks damages for emotional distress. (*Id.* at p. 7).

2

## II. <u>**Legal Standard**</u>

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not

3

entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

## III. Discussion

Defendants argue that Houston's complaint must be dismissed because he failed to allege facts to support an Eighth Amendment Claim, due process claim, equal protection claim, First Amendment claim, and supervisory liability claim. (*See* Doc. 20). The Court will address each argument in turn.

### A. Eighth Amendment Claim

Defendants seek dismissal of Houston's complaint on the basis that he has not pled a plausible Eighth Amendment claim against them. The Eighth Amendment prohibits the infliction of cruel and unusual punishment on prisoners. See *Wharton v. Danberg*, 854 F.3d 234, 247 (3d Cir. 2017). There are several types of Eighth Amendment claims, including claims alleging: denial of, or inadequate access to, medical care; exposure to adverse conditions of confinement; the use of excessive force; and failure to protect from assaults by other inmates. An Eighth Amendment claim includes both objective and subjective components. See *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Under the objective prong, the Court must consider "if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (quoting *Wilson*, 501 U.S. at 298). However, "[w]hat is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause depends upon the claim at issue." *Id.* The subjective component is met if the person or persons causing the deprivation acted with "a sufficiently culpable state of mind." *Wilson*, 501 U.S. at 298.

In order to succeed on a claim as to one's conditions of confinement, a plaintiff must establish that: "(1) he was incarcerated under conditions imposing a substantial risk of serious harm, (2) the defendant-official was deliberately indifferent to that substantial risk to his health and safety, and (3) the defendant-official's deliberate indifference caused him harm." See *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2015). "[T]he Constitution does not

5

mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Therefore, conditions of imprisonment violate the Eighth Amendment only if they, "alone or in combination . . . deprive inmates of the minimal civilized measures of life's necessities." *See id.* at 347. Such necessities include "adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Thus, "extreme deprivations are required to make out a conditions-of-confinement claim." *Hudson*, 503 U.S. at 9. However, "[s]ome conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise." *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 372 (3d Cir. 2019) (quoting *Wilson*, 501 U.S. at 304 and *Rhodes*, 452 U.S. at 347).

Houston has failed to establish that the conditions at the Lebanon County Correctional Facility amount to unconstitutional punishment based on his claim that he was naked in his cell without a privacy sheet. Houston also claims that because inmates are not allowed to cover their cell doors, he was placed at risk of sexual harassment or assault. There is no allegation that Houston was actually the victim of sexual harassment or assault. Houston's allegation that other inmates saw him naked in his cell does not rise to the level of an Eighth Amendment violation, even if he experienced embarrassment. *See Payton v. Vaughn*, 798 F. Supp. 258, 261-62 (E.D. Pa. 1992) (citing *Michenfelder v. Sumner*, 860 F.2d 328, 333-34 (9th Cir. 1988)). Embarrassment due to casual observances by other

people, without more, does not rise to the level of a constitutional violation. *Id.* Thus, neither being naked in front of other inmates, nor the humiliation Houston suffered as a consequence, give rise to an Eighth Amendment claim. Because Houston has failed to allege facts that the prohibition of privacy sheets, which resulted in other inmates seeing his naked body, is an unreasonable policy, he has failed to state an Eighth Amendment claim.

### B.   Fourteenth Amendment Due Process Claim

Houston argues that Defendants violated his First Amendment right to due process. This claim is properly a Fourteenth Amendment claim, not a First Amendment claim, and will be construed as such.

#### 1.   *Substantive Due Process*

To the extent that Houston asserts a substantive due process claim, this claim is duplicative of his Eighth Amendment claim and is barred by the "more specific provision rule." In adopting the "more-specific-provision-rule" established in *County of Sacramento v. Lewis*, 523 U.S. 833, 843-44 (1998), the Third Circuit noted that "[u]nder this rule, 'if a constitutional claim is covered by a specific constitutional provision . . . , the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.' *United States v. Lanier*, 520 U.S. 259, 272 n. 7, 117 S.Ct. 1219, 137 L.Ed.2d 432 (1997) (clarifying prior holing in *Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989))." *Betts v. New Castle Youth Development Center*, 621 F.3d 249, 260-61 (3d Cir. 2010). Houston's claim related to the removal of the privacy

sheet fits squarely within the Eighth Amendment claim. Thus, the more-specific-provision rule forecloses any substantive due process claim.

### 2. *Procedural Due Process*

In analyzing a procedural due process claim, "the first step is to determine whether the nature of the interest is one within the contemplation of the 'liberty or property' language of the Fourteenth Amendment." *Shoats v. Horn*, 213 F.3d 140, 143 (3d Cir. 2000) (citing *Fuentes v. Shevin*, 407 U.S. 67 (1972)). Once the Court determines that a property or liberty interest asserted is protected by the Due Process Clause, the question then becomes what process is due to protect it. *Id.* (citing *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)). Houston failed to allege any facts that would implicate any protected liberty interest under the Fourteenth Amendment. His claims are based on to the removal of the privacy sheet from his cell door and the prison's policy prohibiting the use of privacy sheets. Defendants' motion will be granted with respect to any potential Fourteenth Amendment procedural due process claim.

### C.   **Fourteenth Amendment Equal Protection Claim**

The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. CONST., amend. XIV; *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). An equal protection claim can be brought

8

by a "class of one," a plaintiff alleging that he has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Williams v. Morton*, 343 F.3d 212, 221 (3d Cir. 2003); *see also Jean-Pierre v. Bureau of Prisons*, 497 F. App'x 164, 168 (3d Cir. 2012). If a distinction between persons does not implicate a suspect or quasi-suspect class, state action will be upheld if it is rationally related to a legitimate state interest. *See Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 423 (3d Cir. 2000). Proof of disparate impact alone, however, is not sufficient to succeed on an equal protection claim; a plaintiff also must prove that the defendant intended to discriminate. *See Vill. of Arlington Heights v. Metro. Housing Dev. Corp.*, 429 U.S. 252, 264-66 (1977); *Washington v. Davis*, 426 U.S. 229, 242, 244-45 (1976). Thus, discriminatory intent must be a motivating factor in the decision, even though it need not be the sole motivating factor. *See Vill. of Arlington Heights*, 429 U.S. at 265-66. Moreover, to prove a lack of rational basis, a plaintiff must negate every conceivable rational basis for his differential treatment. *See Bd. of Trustees v. Garrett*, 531 U.S. 356, 367 (2001); *Ramsgate Court Townhome Ass'n v. West Chester Borough*, 313 F.3d 157, 160 (3d Cir. 2002).

Prisoners do not constitute a protected class for Fourteenth Amendment purposes. *See Myrie v. Comm'r, N.J. Dep't of Corr.*, 267 F.3d 251, 263 (3d Cir. 2001). Houston failed to allege that he is a member of a protected class and has not alleged that he was treated differently from others who were similarly situated. In fact, Houston acknowledges that the

9

prison policy prohibiting the use of privacy sheets applies with equal force to all inmates. (Doc. 1, pp. 4, 6). Houston has not alleged a basis for an equal protection claim and this claim will be dismissed.

### D.   First Amendment Claim

Houston sets forth a retaliation claim based on Defendants' alleged refusal to provide him a grievance form. (Doc. 1; Doc. 21). The First Amendment offers protection for a wide variety of expressive activities. See U.S. CONST. amend I. These rights are lessened, but not extinguished in the prison context, where legitimate penological interests must be considered in assessing the constitutionality of official conduct. See *Turner v. Safley*, 482 U.S. 78, 89 (1987). Retaliation for expressive activities can infringe upon an individual's rights under the First Amendment. See *Allah v. Seiverling*, 229 F.3d 220, 224-25 (3d Cir. 2000). To prevail on a retaliation claim under 42 U.S.C. § 1983, a plaintiff must demonstrate: (1) that he was engaged in constitutionally protected activity; (2) that he suffered an "adverse action" by government officials; and (3) that there is "a causal link between the exercise of his constitutional rights and the adverse action taken against him." *Rauser v. Horn*, 241 F.3d 330 (3d Cir. 2001) (quoting *Allah*, 229 F.3d at 225).

The Court finds that Houston has not satisfied the first element of the *Rauser* test as he failed to allege that he was engaged in constitutionally protected activity. Houston admits that he did not file a grievance against any prison officials. Moreover, with respect to the second element of *Rauser*, Houston does not identify any adverse action that actually

10

occurred. Rather, he alleges a threat to place him in the secured housing unit. The Court of Appeals for the Third Circuit has consistently maintained that "verbal threats alone do not constitute adverse action for the purposes of establishing a prima facie retaliation claim." *Chruby v. Kowaleski*, 534 Fed. Appx. 156, 161 (3d Cir. 2013). This is equally true of retaliatory disciplinary threats. *See, e.g., Mears v. Kauffman*, 2018 WL 3585081, at *5 (M.D. Pa. July 26, 2018) (verbal threat to place plaintiff in segregation did not amount to an adverse action); *Cash v. Dohman*, 2018 WL 1531681, at *2 (E.D. Pa. March 29, 2018) (noting that "a vague threat to take some future action...is insufficient to constitute retaliation."). The only retaliatory act alleged in the complaint is Defendant Felton's alleged statement that Houston might be placed in the secured housing unit if he filed a grievance. In the absence of anything further, Defendant Felton's alleged statement simply does not rise to the level of an adverse action. For these reasons, the Court will grant Defendants' motion to dismiss the retaliation claim.

### E.     Supervisory Liability Claim

Houston seeks to impose liability on Defendants Ott, Litz, and Mease based on their purported roles in enforcing a policy that prohibits the use of privacy sheets. But where, as here, a plaintiff has failed to establish any underlying constitutional violation, supervisors cannot be held derivatively liable. *See Talley v. Varner*, 786 F. App'x 326, 329 (3d Cir. 2019) (*per curiam*) (holding that inmate's claims of supervisory liability and conspiracy fail

because there is no underlying constitutional violation). Houston's claim of supervisory liability fails as a matter of law and will be dismissed.

### F. Claim for Injunctive Relief

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "personal stake in the outcome of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990); *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975).

In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. *Lewis*, 494 U.S. at 477. Further, the adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." *Steffel v. Thompson*, 415 U.S. 452, 459 (1974). An "actual controversy" must exist not only "at the time the complaint is filed," but through "all stages" of the litigation. *Alvarez v. Smith*, 558 U.S. 87, 92 (2009) (internal quotation marks omitted); *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) ("To qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed'" (quoting *Preiser*, 422 U.S. at 401)).

A case becomes moot—and therefore no longer a "Case" or "Controversy" for purposes of Article III—"when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481, (1982) (*per curiam*) (some internal quotation marks omitted). No matter how vehemently the parties

continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute "is no longer embedded in any actual controversy about the plaintiffs' particular legal rights." *Alvarez*, 558 U.S. at 93. A prisoner's transfer from the prison complained of generally moots his claims for prospective injunctive relief. *Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003) ("[A] federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them.") (quoting *Preiser*, 422 U.S. at 401); *Abdul-Akbar v. Watson*, 4 F.3d 195, 206 (3d Cir. 1993).

Houston seeks injunctive relief in the form of an Order requiring Defendants to allow inmates to use privacy sheets. His request for injunctive relief is specific to individuals employed at the Lebanon County Correctional Facility. This is problematic as Houston is no longer housed at that institution. He has been released from custody. In this instance, the release of Houston renders his request for injunctive relief moot. Because this Court is precluded from issuing an Order directing Defendants at the Lebanon County Correctional Facility to provide Houston the relief he seeks, the claim for injunctive relief must be dismissed.

## IV. Leave to Amend

When a complaint fails to present a *prima facie* case of liability, district courts must generally grant leave to amend before dismissing the complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d

Cir. 2000). Specifically, the Third Circuit Court of Appeals has admonished that when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). For the reasons set forth above, the Court finds that Houston's claims are factually and legally flawed; thus, granting leave to amend would be futile.

## V.  Conclusion

Based on the foregoing, the Court will grant Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 19). A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: May 15, 2023